UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

PSN USA, Inc.,                           Case No. 02-11913-BKC-AJC
                                                           Chapter 11

     Debtor.
_____/

NOB HOLDINGS CORP.,                 Adv. Pro. No. 08-01602-AJC

         Plaintiff,
v.

DAN FAIR, as Trustee of the PSN
LIQUIDATING TRUST, and KLUGER
PERETZ, KAPLAN & BERLIN, P.L.,

         Defendants.
_____/

**KLUGER, PERETZ, KAPLAN & BERLIN, P.L.'S MOTION TO
DISMISS ADVERSARY COMPLAINT SEEKING DAMAGES
FOR CONTEMPT OF COURT AND OTHER EQUITABLE RELIEF**

        Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, Defendant, Kluger, Peretz, Kaplan & Berlin, P.L. ("KPKB"), by and through its undersigned counsel, hereby moves to dismiss *Complaint Seeking Damages for Contempt of Court and Other Equitable Relief* (the "Complaint" ) filed by NOB Holdings Corp. f/k/a NOB Corp. A.V.V. ("NOB").  In support of its motion, KPKB states:

**STATEMENT OF FACTS**

        1.     On September 22, 2008, NOB filed the Complaint alleging three causes of action: (i) Willful Violation of Court Orders; (ii) Submission of a False Affidavit in Bad Faith; and (iii) Bad Faith Litigation and Concealment of Misconduct, none of which is a traditional cause of action.

1753621-1

2.      In support of the Complaint, at the beginning of each "Cause of Action" NOB incorporated all of the allegations set forth in its *Specification of Bad Faith Allegations* [D.E. #1196] (the "Specification"). The Specification is a 72 page attachment to the Complaint which was also filed as a separate pleading in the underlying main bankruptcy case.

3.      Paragraph 2 of the Complaint specifically acknowledges:

> This action raises identical issues as pending motions filed by NOB in the underlying Chapter 11 case, which seek sanctions against defendants for their violation of Court orders and their bad faith attempts to conceal their misconduct. *See* NOB's Motion for Attorneys' Fees (C.P. 763) (limited by subsequent Court orders to seeking sanctions under Fed. R. Civ. P. 56(g) for the Trustee's and KPKB's bad faith submission of the Trustee's false affidavit) [the 7056(g) Issue]; NOB's Motion for Sanctions Against Trustee Dan Fair and his counsel Kluger Peretz Kaplan & Berlin (C.P. 11159) (sic) [the Sanctions Motion] and supporting Specification of Bad Faith Allegations (C.P. 1196).

4.      On October 3, 2008, this Court entered its *Second Order Regarding NOB's Motion for Sanctions* [D.E. #1208] (the "Second Order") which specifically sets an evidentiary hearing in the main bankruptcy case on the 7056(g) Issue and the Sanctions Motion for January 9, 2009. In addition, the Second Order provides deadlines associated with the disclosure requirements under Rule 7026 of the Federal Rules of Bankruptcy Procedure, including the deadline for the initial disclosure of witnesses and documents, the disclosure of expert testimony, pretrial disclosures and the filing of a Joint Pretrial Order.

## ARGUMENT

**A.    The Complaint Should be Dismissed Because it is Identical to the Specification Which Relates to a Pending Contested Matter**

5.      NOB cannot maintain an adversary proceeding that contains identical issues to those that are involved in a pending contested matter.

6.      Inasmuch as the ultimate issues in this proceeding are identical to those involved in the contested matter subject of the Second Order, this Court should dismiss this proceeding or,

in the alternative, and at a minimum, consolidate it with the contested matter. *In re Anchor Glass Container Corp.,* 325 B.R. 892, 894 (Bankr. M.D. Fla. 2005).

**B.     The Complaint Should be Dismissed For Failure to Plead with Specificity**

7. Alternatively, if the Court is not inclined to dismiss the Complaint due to the pendency of the Sanctions Motion and the 7056(g) Issue in the main bankruptcy case, this adversary proceeding should nevertheless be dismissed.

8. "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir.), *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002) (*en banc*). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

9. In this case, the Complaint does nothing more than provide labels and conclusions. In fact, the Counts themselves are nothing more than "summaries" of the claims already alleged and pending in the Sanctions Motion and as part of the 7056(g) Issue. In addition, NOB has, by its own acknowledgement, "incorporate[d] the allegations set forth in its Specification", *see* par. 9 of the Complaint, and failed to denominate which of those allegations relate to each of the alleged three counts.

**CONCLUSION**

For the foregoing reasons, KPKB requests this Court (i) dismiss the Complaint with prejudice or (ii) consolidate this proceeding with the pending contested matter described in the Second Order and (iii) grant such other or further relief as the Court deems just, necessary, or proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Dated:  October 17, 2008

BERGER SINGERMAN, P.A.
Attorneys for KPKB
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Tel.: (305) 755-9500
Fax: (305) 714-4340

By: */s/ Paul Steven Singerman*
Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail, postage prepaid, upon Edward Griffith, Esq., Bolatti & Griffith, 45 Broadway, Ste. 2200, New York, NY  10006; Patricia A. Redmond, Esq., Stearns Weaver, 150 West Flagler Street, Ste. 2200, Miami, FL  33130; Soneet R. Kapila, CPA, Kapila & Company, 1000 South Federal Highway, Ste. 200, Fort Lauderdale, FL  33316; and Dan Fair, 18459 Pines Blvd., #174, Pembroke Pines, FL  33029 on this 17th day of October, 2008.

*/s/ Paul Steven Singerman*
Paul Steven Singerman